

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John R. Shook
District Attorney
San Antonio, Texas

Dear Sir:

Opinion No. 0-2606
Re: Necessity of stamping a
certain instrument under
Article 7047e, Vernon's
Civil Statutes.

You have sent to us copy of a certain instrument and request our opinion as to whether the same must be stamped in accordance with the provisions of Article 7047e, Vernon's Civil Statutes, in order to entitle the same to record. The facts are that on March 24, 1936, John Carson and wife executed and delivered a deed of trust securing a note for the principal sum of $9,000.00, payable in monthly installments of $75.00, including interest, beginning May 1, 1936, and the entire balance to fall due April 1, 1946. That deed of trust was recorded prior to the enactment of the original Article 7047e and of course bore no stamps. The instrument now presented for record, and being the one with which we are presently concerned, is dated February 1, 1940, and recites that the present balance is $7,427.89, and provides that for 36 months the monthly payments shall be $50.00 per month, instead of $75.00 as originally provided. At the expiration of such 36 months, the payments of $75.00 per month are to be resumed and paid until April 1, 1946, when the whole balance will fall due. The instrument acknowledges the continued existence of the lien and provides that in case of default the trustee, or his substitute, is authorized to exercise all the power granted under the deed of trust for the purpose of foreclosing the same according to its terms.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 7047e, Vernon's Annotated Civil Statutes, reads in part:

"(a) Except as herein otherwise provided there is hereby levied and assessed a tax of Ten (10¢) Cents on each One Hundred ($100.00) Dollars or fraction thereof, over the first Two Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, providing further that, except as to renewals or extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further than when once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. . ."

The instrument in question, in effect, extends the due date of $900.00 from the time it would have fallen due ($25.00 per month for 36 months beginning February 1, 1940) until April 1, 1946. It affirms the lien originally given on March 24, 1936, as securing the reformed obligation, and if not a deed of trust is in our opinion certainly one of "a similar nature". Since the deed of trust of March 24, 1936, was not stamped, there is nothing in the statute which would exempt the new instrument from its operation. In our opinion No. O-1052, we held that this tax applies to renewals of instruments executed and filed prior to the effective date of the original Article 7047e.

In our opinion the instrument in question must be stamped before it is entitled to be recorded.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 15, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By

/s/

Glenn R. Lewis
Assistant

GRL:ew

APPROVED OPINION COMMITTEE
By R.W.F. Chairman